UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JEFFREY KOZLOW,

        Petitioner,

-v-                                    No. 9 Civ. 6597(LTS)(RLE)

MARTIN F. HORN,

        Respondent.

-------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 7 2012
```

## ORDER

        Magistrate Judge Ronald L. Ellis has issued a Report and Recommendation ("Report") recommending that the July 24, 2009, petition of Jeffrey Kozlow ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Timely objections to the Report ("Objections") were received from Petitioner. Familiarity with the Report is presumed.

        In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2011). The Court is required to make a <u>de novo</u> determination as to the aspects of the Report to which specific objections are made. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See <u>Camardo v. General Motors HourlyRate Employees Pension Plan</u>, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply

relitigating a prior argument. Carnardo, 806 F. Supp. at 381-82.

Petitioner raises four objections to the Report, contending that Judge Ellis erred in (1) finding that People v. Foley, 94 N.Y.2d 668 (2000) did not reach the question of whether Penal Law § 235.22 proscribed purely textual communications; (2) giving insufficient weight to the statements by various state officials, including the Governor, two Attorneys General, and the Oneida County District Attorney's Office (which prosecuted the Foley case) that §235.22 only proscribed the dissemination of visual depictions; (3) giving insufficient weight to the fact that the New York legislature had traditionally used the word "depict" to refer to pictures and "describe" to refer to text; and (4) finding that the state court had not unreasonably applied federal law in concluding that the statute was not unconstitutionally vague, particularly in light of the fact that the New York legislature amended § 235.22 in 2007 by replacing "depicts" with "depicts or describes."

The first three objections are reiterations of arguments that were thoroughly briefed before and appropriately addressed by Judge Ellis. The Court finds no clear error in his analysis. The only objection that warrants de novo review is the last one. Petitioner appears to regard the 2007 amendment as definitive proof that the New York legislature did not originally intend § 235.22 to proscribe purely textual communications. That amendment suggests, at most, that the New York Court of Appeals misapprehended the state legislature's intent and, in consequence, misconstrued the statute. However, federal habeas corpus relief "does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The question before this Court is

not whether the Court of Appeals misinterpreted § 235.22, but whether the statute's use of the term "depict" clearly ran afoul of the federal constitutional prohibition on criminal statutory provisions that are so vague as to deny "people of ordinary intelligence a reasonable opportunity to understand what conduct [they] prohibit." Hill v. Colorado, 530 U.S. 703, 732 (2000). The 2007 amendment does not establish that § 235.22 was unconstitutionally vague. Accordingly, the Court agrees with the Report's conclusion that the New York Court of Appeals did not unreasonably apply federal vagueness doctrine.

For the foregoing reasons, the Court adopts the Report in its entirety, and the petition for a writ of habeas corpus is denied. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and accordingly, any application to proceed on appeal in forma pauperis is denied. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
July 17, 2012

_____
LAURA TAYLOR SWAIN
United States District Judge